45 F.3d 437
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SEARS SAVINGS BANK, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.
 No. 93-55799.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Dec. 23, 1994.
 
 Before: WIGGINS, KOZINSKI and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sears Savings Bank (Sears) appeals the district court's grant of summary judgment in favor of Insurance Company of North America (INA). We have jurisdiction under 28 U.S.C. Sec. 1291. Because express policy exclusions eliminate INA's potential for liability, and there is no triable issue of any material fact, we affirm.
 
 
 3
 The INA policy has an "owned property" exclusion, so Sears cannot recover for damage to its own property. The policy also has a "completed operations" exclusion which precludes coverage for damage to persons or property occurring on a portion of the project that has been put to its intended use.
 
 
 4
 Sears admits the alleged property damage took place after title was transferred from Sears as builder to the individual condominium owners and the homeowners' association. See Letter from Levy to Schiffhauer of 6/3/92 at 2. Because the completed operations exclusion operates "when the portion of the work out of which the injury or damage arises has been put to its intended use," INA cannot be liable for any damage occurring after title was transferred to the individual owners. By then, the work was put to its intended use.
 
 
 5
 Sears is not helped by the fact it retained ownership of some phases of the condominium development. The completed operations exclusion may, on its face, be separated into portions of the project. Furthermore, liability for any damage that occurred to Sears's property--rather than to the homeowners--is excluded by the owned property exclusion.
 
 
 6
 Based on the plain language of these exclusions, the damage claimed in the underlying lawsuit against Sears is unambiguously outside the policy. INA, therefore, does not have--and never has had--a duty to indemnify. Where no potential for indemnification exists, there is no duty to defend. Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275-77 (1966).
 
 
 7
 We do not reach the questions of waiver and estoppel, because coverage cannot be created by implied waiver or estoppel when it does not otherwise exist. Aetna Casualty & Surety Co. v. Richmond, 76 Cal.App.3d 645, 653 (1977).
 
 
 8
 We also affirm the district court's order excluding the declaration of Sears's expert, Barry Zalma. Because the declaration offers conclusory legal opinion rather than personal knowledge, the district court's order excluding it is not manifestly erroneous. See Taylor v. Burlington Northern R.R. Co., 787 F.2d 1309, 1315 (9th Cir.1986) (exclusion of expert testimony only overturned if "manifestly erroneous").
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3